# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| IN RE:<br>**SVYATOSLAV MANGUSHEV**,<br>    Debtor. | Case No.: **25-19761-LMI**<br>Chapter 7 |
| ADVERSARY PROCEEDING:<br>**TRUMP PALACE 5507, LLC**,<br>    Plaintiff,<br>vs.<br>**SVYATOSLAV MANGUSHEV**,<br>    Defendant. | Adv. Proceeding Case No. |

### CREDITOR'S COMPLAINT FOR DETERMINATION
### OF NONDISCHARGEABILITY OF LIABILTY PURSUANT TO 11 U.S.C. § 523

**COMES NOW**, Creditor, **TRUMP PALACE 5507, LLC** (hereinafter "Plaintiff" or "Creditor"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1334, 1409 and 157; 11 U.S.C. §§ 523 and 1328; and Fed. R. Bankr. P. 4007, hereby files this Complaint, and in support thereof respectfully states and prays as follows:

### INTRODUCTION

1.  This is an adversary proceeding to determine the dischargeability of debts pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), and to obtain related declaratory and ancillary relief under applicable law and the Federal Rules of Bankruptcy Procedure.

2.  Debtor, Svyatoslav Mangushev (hereinafter "Debtor"), filed his voluntary petition for relief under Chapter 7 of Title 11 U.S.C. in the Southern District of Florida, Miami

Division, Case No. 25-19761-LMI (hereinafter the "Bankruptcy Case") on or about August 22, 2025.

3. Plaintiff seeks a determination by the Court that all liability arising from Debtor's fraudulent mortgage, sale, and diversion of proceeds relating to the condominium unit located at 18101 Collins Avenue, Unit 5507, Sunny Isles Beach, Florida 33160, and related misconduct as alleged herein and in the referenced state-court actions, is exempt from discharge.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it concerns the dischargeability of particular debts.

6. Venue is proper in this District under 28 U.S.C. § 1409 because the Bankruptcy Case is pending in this District and the claims asserted herein arise in and are related to that case.

## BACKGROUND FACTS

7. Plaintiff, TRUMP PALACE 5507, LLC ("5507 LLC"), is a Florida limited liability company formed to hold title to the real property located at 18101 Collins Avenue, Unit 5507, Sunny Isles Beach, Florida 33160, (the "Subject Property").

8. On or about February 2013, the Subject Property was purchased for approximately $2,320,000 using the personal funds of Igor Zorin ("Zorin"); attorney Scott S. Levine formed 5507 LLC and closed the purchase on Zorin's behalf pursuant to a power of attorney.

9. From 2013 through 2019, real estate broker Vadim Yushkevich, through Alpha Realty, LLC, managed the Subject Property for Zorin and 5507 LLC, including collecting rents, paying taxes and maintenance, and holding funds, while Levine served as registered agent for 5507 LLC.

10. In July 2019, Debtor approached Zorin about "purchasing" the Subject Property and caused an "Acknowledgment of Terms for Purchase of Real Estate" (the "Acknowledgment") to be drafted and sent to Zorin through attorney Olga Galanter, purporting to provide for a $580,000 payment upon execution and an additional $1,740,000 payment by July 10, 2020, with Zorin released from any obligation to sell if payment was not made in full by that date.

11. Debtor represented, orally and in writing, that he had the financial ability and intent to make the required payments, that his business affairs were thriving, that he owned and traded yachts, and that rental income could easily fund the purchase, while concealing his true financial condition, including a negative net worth of almost a million dollars and minimal income of only 1 cent as later disclosed to NP, Inc.

12. In reliance on Debtor's representations and on advice from Levine, Zorin executed the Acknowledgment and transmitted it and related documents to Debtor, but Debtor never paid the $580,000 "deposit" or any portion of the promised $2,320,000 purchase price.

13. Instead, Debtor, with the assistance of Galanter and mortgage broker Yuri Baturenko, caused fraudulent amendments to 5507 LLC's public records and organizational documents—an August 9, 2019, amended annual report and a December 17, 2019,

amendment to the articles of organization—falsely listing Debtor as manager or authorized member and removing Zorin, without Zorin's knowledge or authorization.

14. Debtor then used those falsified corporate records, forged documents (including a backdated assignment of membership interest and altered versions of the Acknowledgment), and false certifications of ownership, income, assets, and lack of litigation to obtain a mortgage loan from NP, Inc. secured by the Subject Property in the approximate amount of $1,440,000, thereby extracting equity belonging to 5507 LLC and Zorin.

15. Debtor laundered and diverted the mortgage proceeds through the Mangushev Irrevocable Trust while Debtor was serving as Trustee and Beneficiary with sole control over the assets and holdings of the Mangushev Irrevocable Trust, including various entities he controlled within the Mangushev Irrevocable Trust, including The Olympus, LLC and 1200 Federal, LLC (now Biscayne LLC), and used those funds to purchase additional real property at 201–213 NE 4th Court, Units 1–7, Hallandale Beach, Florida, and to pay kickbacks to his associates, personal expenses, and construction costs at his residence – 18950 North Bay Road, Sunny Isles Beach, FL, 33160.

16. In 2020 and through 2021, Debtor, acting without any authority from Zorin or 5507 LLC, and with the assistance of Yushkevich and Levine, caused the Subject Property to be listed and sold in a sham/non-arm's-length, "affiliated party" transaction at a steep discount to the Subject Property's appraised and market value, with Debtor signing a warranty deed on behalf of 5507 LLC; which the Miami-Dade Property Appraiser classified the transaction as an "affiliated-party" sale.

17. The sale proceeds, together with remaining mortgage proceeds, were transferred into the Mangushev Irrevocable Trust and other accounts under Debtor's control

and were rapidly dissipated to additional entities, co-conspirators, and for personal consumption; 5507 LLC did not receive any portion of the mortgage or sale proceeds.

18. Zorin did not learn that the Subject Property had been mortgaged and sold until after the Subject Property had been sold, at which point he pursued consolidated actions in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida: (a) Case No. 2024-004770-CA-01, styled Igor Zorin v. Svyatoslav Mangushev, Trump Palace 2021-5507, LLC, et al. (Third Amended Complaint), and (b) Case No. 2024-022852-CA-01, styled Igor Zorin, derivatively on behalf of Trump Palace 5507, LLC v. Svyatoslav Mangushev, Trump Palace 2021-5507, LLC, and Scott S. Levine (Amended Derivative Complaint).

19. The Third Amended Complaint and Amended Derivative Complaint (the "Miami-Dade Actions") seek, inter alia, damages for fraud, breach of fiduciary duty, unjust enrichment, civil conspiracy, constructive trust, quiet title, cancellation of deed, and related relief arising out of Debtor's fraudulent mortgage and sale of the Subject Property and conversion of the proceeds.

20. Plaintiff also retained Curtis L. Novy, CFI, who prepared an Affidavit and Expert Report dated July 8, 2025, analyzing bank records, entity structures, and real-estate transactions showing that Debtor used the fraudulently obtained mortgage proceeds and sale proceeds from the Subject Property to fund additional acquisitions and to pay concealed kickbacks and personal expenses through a network of LLCs and trusts. [**Exhibit A**].

21. As a direct and proximate result of Debtor's conduct, Plaintiff has suffered damages including, but not limited to: loss of the Subject Property and its equity; diverted mortgage and sale proceeds; converted rents and distributions; and consequential damages,

attorneys' fees, and interest (collectively, the "Liability" or "Debt"), which will be liquidated or further determined in the Miami-Dade Actions and/or other appropriate forums.

22. Plaintiff seeks only a determination in this adversary proceeding that such Liability, in whatever amounts are ultimately awarded or determined in the Miami-Dade Actions or otherwise, are nondischargeable; Plaintiff does not request that this Court liquidate or enter a separate money judgment for those amounts.

## SUMMARY OF RELIEF REQUESTED

23. The Plaintiff respectfully requests that this Court enter a Final Judgment declaring that all Liability arising from Debtor's fraudulent mortgage, sale, diversion of proceeds, and related misconduct as described herein and as will be reflected in any final judgments or orders in the Miami-Dade Actions, including all principal, interest, attorneys' fees, costs, and other relief awarded there, be declared exempt from discharge as explained below.

## COUNT I
## NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A) AND (a)(2)(B)

24. The Plaintiff re-alleges Paragraphs 1 through 23 and hereby incorporates the same by reference.

## APPLICABLE LAW

25. Under 11 U.S.C. § 523(a)(2)(A), debts for money, property, services, or an extension, renewal, or refinancing of credit obtained by false pretenses, false representation, or actual fraud, are exempt from discharge.

26. Under 11 U.S.C. § 523(a)(2)(B), debts are nondischargeable to the extent obtained by use of a materially false written statement respecting the debtor's financial

condition, on which the creditor reasonably relied, that the debtor caused to be made or published with intent to deceive.

27. Courts recognize that a fraudulent scheme can constitute "actual fraud" under § 523(a)(2)(A) even absent a specific misrepresentation and that state-court findings of fraud and misrepresentation may be given issue-preclusive effect in dischargeability proceedings as to factual issues.

## **ANALYSIS**

28. Debtor obtained control over 5507 LLC, the Subject Property, and the mortgage and sale proceeds through false pretenses, false representations, and an actual-fraud scheme directed at 5507 LLC and Zorin.

29. Debtor knowingly made false representations to Zorin regarding his financial ability and intent to pay $580,000 upon execution of the Acknowledgment and $1,740,000 by July 10, 2020, and regarding release of Zorin's obligation to sell if payment was not made, while concealing his negative net worth, lack of income, and material litigation exposures.

30. Debtor further misrepresented his business success, assets, and rental income, and failed to disclose a prior pattern of similar fraudulent real-estate schemes, with the intent to induce Zorin to execute the Acknowledgment and to entrust him with documents Debtor later altered and misused.

31. Debtor's conduct also constitutes "actual fraud" independent of statements to Zorin, as Debtor engineered a fraudulent scheme to falsify 5507 LLC's public filings, forge assignments and notarizations, submit false ownership and financial information to the mortgage company, NP, Inc., and orchestrate a sham sale of the Subject Property to affiliated parties at below-market value.

32. To the extent any portion of the Liability is traceable to mortgage credit or refinancing obtained by Debtor's use of materially false written statements respecting his financial condition—including loan applications, income declarations, asset/liability schedules, and supporting documentation submitted to NP, Inc.—such Liability is nondischargeable under § 523(a)(2)(B).

33. 5507 LLC, through Zorin, justifiably relied on Debtor's misrepresentations and omissions when the Acknowledgment was executed and steps to protect 5507 LLC and the Subject Property were not taken, and this reliance directly resulted in the losses and Liability described herein.

34. Accordingly, the Liability arising from Debtor's fraudulent inducement, the fraudulent mortgage, and the sham sale of the Subject Property is a debt for money, property, and value obtained by false pretenses, false representations, actual fraud, and materially false written financial statements, and is exempt from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B).

**WHEREFORE**, Plaintiff, **TRUMP PALACE 5507, LLC**, respectfully requests that this Court enter a Final Judgment declaring that all Liability described above, in the amounts to be determined or liquidated in the Miami-Dade Actions or other appropriate forums, is exempt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B), and granting such further relief as the Court deems just and proper under law.

## COUNT II
## NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

35. The Plaintiff re-alleges Paragraphs 1 through 34 and hereby incorporates the same by reference.

**APPLICABLE LAW**

36.     Under 11 U.S.C. § 523(a)(4), the Bankruptcy Code excepts from discharge debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

37.     For the fraud/defalcation component, the debtor must have acted in a fiduciary capacity with respect to identifiable property, and must have committed fraud or defalcation while acting in that capacity; trust-like obligations over specific property and identifiable beneficiaries can satisfy this requirement.

38.     Embezzlement is defined as the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come, and larceny consists of a wrongful taking of property with intent to deprive the owner.

**ANALYSIS**

39.     Debtor asserted and exercised control over 5507 LLC and the Subject Property, and over the mortgage and sale proceeds, by claiming to be manager or authorized member of 5507 LLC and by acting as trustee or controller of the Mangushev Irrevocable Trust and related entities receiving and disbursing proceeds traceable to 5507 LLC's assets.

40.     In doing so, Debtor undertook trust-like and fiduciary obligations with respect to 5507 LLC's property and proceeds, which were to be held and used for the benefit of 5507 LLC and Zorin, and not converted to Debtor's personal use or for the benefit of insiders.

41.     Debtor committed fraud and defalcation while acting in these fiduciary capacities by using falsified records and forged documents to obtain mortgage and sale proceeds, diverting those funds through the Mangushev Irrevocable Trust and LLCs he

controlled, and using them to acquire other properties and pay personal and kickback obligations, all without disclosure to or consent from 5507 LLC or Zorin.

42. Independently, Debtor's conduct constitutes embezzlement and/or larceny because he fraudulently appropriated property and funds belonging to 5507 LLC and Zorin, which he held or controlled by virtue of his positions in 5507 LLC and related entities, and intentionally converted them for his own purposes and benefit.

43. The Liability arising from Debtor's diversion and dissipation of the equity in the Subject Property, the mortgage proceeds, the sale proceeds, and related funds therefore falls within the scope of § 523(a)(4) as fraud or defalcation while acting in a fiduciary capacity and/or as embezzlement or larceny.

**WHEREFORE**, Plaintiff, **TRUMP PALACE 5507, LLC**, respectfully requests that this Court enter a Final Judgment declaring that all Liability described in this Count, in the amounts to be determined or liquidated in the Miami-Dade Actions or other appropriate forums, is exempt from discharge pursuant to 11 U.S.C. § 523(a)(4), and granting such further relief as the Court deems just and proper.

## COUNT III
## NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

44. The Plaintiff re-alleges Paragraphs 1 through 43 and hereby incorporates the same by reference.

### APPLICABLE LAW

45. Under 11 U.S.C. § 523(a)(6), the Bankruptcy Code excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."

46. Willful injury requires a deliberate or intentional act with the purpose of causing injury or which is substantially certain to cause injury; malicious injury involves wrongful conduct without just cause or excuse and may be shown by implied or constructive malice.

47. Conversion and wrongful retention or diversion of property and proceeds, particularly when accompanied by fraud or breach of fiduciary duty, can constitute willful and malicious injury to property interests within the meaning of § 523(a)(6).

## ANALYSIS

48. Debtor's acts of usurping control of 5507 LLC, encumbering the Subject Property, orchestrating its sale without authority and at below-market value, and diverting and dissipating the mortgage and sale proceeds were deliberate and intentional, and Debtor knew, or was substantially certain, that these acts would injure 5507 LLC's and Zorin's property interests.

49. Debtor had no just cause or excuse for his conduct, which involved forgeries, falsified public records, misrepresentations to a lender, concealment from the true owner, and a broader pattern of similar fraudulent activity in other real-estate transactions; these circumstances establish malice, including implied or constructive malice.

50. The Liability arising from Debtor's conduct therefore constitutes a debt arising from the Debtor's willful and malicious injury to Plaintiff and Plaintiff's property within the scope of § 523(a)(6).

**WHEREFORE**, Plaintiff, **TRUMP PALACE 5507, LLC**, respectfully requests that this Court enter a Final Judgment declaring that all Liability described in this Count, in the amounts to be determined or liquidated in the Miami-Dade Actions or other appropriate

forums, is exempt from discharge pursuant to 11 U.S.C. § 523(a)(6), and granting such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this COMPLAINT FOR THE DETERMINATION OF NONDISCHARGEABILITY OF LIABILITY PURSUANT TO 11 U.S.C. § 523 has been furnished to the parties on the attached service list by email or by regular mail to the addresses indicated therein.

Dated: January 5, 2026

**DASA Law**
*Attorney for Creditor-Plaintiff*
14100 Palmetto Frontage Road, Suite 370
Miami Lakes, FL 33016
T. 888-343-3272

*/s/  Elee Dammous*
**ELEE DAMMOUS, ESQ.**
Florida Bar No.: 1044043
**JESUS SANTIAGO, ESQ.**
Florida Bar No.: 1045907
eService@Dasa.Law